Aaron Greenfeld v. Commissioner.
Greenfeld v. Commissioner
Docket No. 7794.
United States Tax Court
1947 Tax Ct. Memo LEXIS 292; 6 T.C.M. (CCH) 181; T.C.M. (RIA) 47047; February 26, 1947
*292 Petitioner cashed certain stolen bonds in 1934 and 1935 and omitted to report the proceeds as income in his returns for those years. Respondent determined deficiencies by notice dated February 2, 1945. Held, petitioner has not shown that statute of limitations on assessment had run or that respondent's determination was erroneous. Held, also, petitioner's returns were false and fraudulent with intent to evade tax. William Greenfeld, Esq., Court Square Bldg., Baltimore 2, Md., for the petitioner. *293 Edward M. Woolf, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: The respondent determined deficiencies in income tax and fifty per cent penalties against the petitioner as follows: Year
Deficiency
Penalty
1934
$61,445.80
$30,722.90
1935
1,151.13
575.57 The petitioner alleges that the respondent erred in computing the petitioner's tax liability and in determining a fifty per cent penalty for each year. He also alleges that the statute of limitations on assessment bars the determination. The respondent alleges that the petitioner with intent to evade tax filed false and fraudulent returns and under stated his income from business or other sources for the taxable years. Findings of Fact The petitioner is an individual with residence at 1715 East Baltimore Street, Baltimore, Maryland. During 1934 and 1935 the petitioner delivered to the Equitable Trust Company, Baltimore, certain Federal Government bonds for sale for his account. The bonds were sold and he received the proceeds less the Trust Company's commission. These bonds were payable to bearer and transferable by delivery without endorsement *294 or notice. Prior to their sale by petitioner these bonds had been stolen. A description of these securities, the date and place of theft, the date sold, and the amount received by the petitioner is as follows: 1934
Description
of
Security
Face Value
Place of Theft
HOLC
$ 5,000.00
Mt. Vernon, N. Y.
HOLC
10,000.00
Jamaica, L.I., N. Y.
U.S. Treas.
10,000.00
Dallas, Texas
HOLC
9,000.00
Yonkers, N. Y.
HOLC
1,000.00
South Bend, Ind.
HOLC
1,000.00
New York
HOLC
2,025.00
Cincinnati, O.
HOLC
4,325.00
Chicago, Ill.
HOLC
475.00
Kansas City, Mo.
Fed. Farm Mtge.
9,100.00
Louisville, Ky.
U.S. Treas.
10,000.00
New York, N. Y.
HOLC
5,000.00
Chicago, Ill.
HOLC
20,000.00
Pittsburgh, Pa.
HOLC
20,500.00
Pittsburgh, Pa.
HOLC
13,000.00
U.S. Treas.
2,000.00
Akron, O.
U.S. Treas.
15,000.00
New York, N. Y.
1935
U.S. Treas.
6,000.00
New York, N. Y.
HOLC
5,000.00
New York, N. Y.
U.S. Treas.
1,000.00
New London, Conn.
1934
Description
Date Sold
Amount
of
Date of
by
Received
Security
Theft
Petitioner
by Pet.
HOLC
5-3-34
5-11-34
$ 5,102.47
HOLC
6-8-34
6-19-34 10,209.62
U. S. Treas.
10-17-32
9-20-34 10,323.34
HOLC
9-21-34
9-24-34 8,823.38
HOLC
Bet. 6-23
& 7-5-34
9-24-34 977.71
HOLC
10-1-34
10-11-34 966.17
HOLC
10-4-34
10-11-34 6,000.93
HOLC
10-4-34
10-11-34
HOLC
10-2-34
10-18-34
458.33
Fed. Farm mtge.
9-26-34
10-18-34 9,023.41
U. S. Treas.
Est. bet.
4-4 & 10-23-34
10-23-34 10,369.38
HOLC
Bet. 2-8
& 10-26-34
11-3-34 5,024.03
HOLC
11-7-34
11-8-34 19,567.92
HOLC
11-7-34
11-13-34 20,110.50
HOLC
U. S. Treas.
11-20-34
11-21-34 14,925.81
U. S. Treas.
11-9-34
11-26-34 16,435.51
1935
U. S. Treas.
11-9-34
1-5-35
HOLC
10-30-34
1-5-35 12,669.96
U. S. Treas.
*295 For the year 1934 the petitioner filed an income tax return reporting thereon gross income of $7,825.58 and net income of $5,907.58, which included income of $725.45 as commissions on wagers. For the year 1935 the petitioner filed an income tax return reporting thereon gross and net income of $2,897.80. The record does not show the date of the filing of the petitioner's income tax return for 1934 or 1935. The petitioner understated his income for 1934 in the amount of $148,100.26 and for 1935 in the amount of $12,641.21. There were deficiencies in the petitioner's income tax for 1934 in the amount of $61,445.80 and for 1935 in the amount of $1,151.13. At least a part of the deficiency for each of the years 1934 and 1935 was due to fraud with intent to evade tax. Opinion The respondent determined deficiencies in income tax of the petitioner for 1934 and 1935 by notice addressed to the petitioner under date of February 2, 1945. The petitioner questions the right of the respondent to determine a deficiency, relying upon the statute of limitations. The record fails to show the date upon which the petitioner's returns for 1934 and 1935 were filed. While the returns were produced *296 at the hearing, they were not introduced in evidence by either party. The contention that the determination or assessment of a deficiency is barred by statute is an affirmative defense and the burden of proving that the statute is a bar is upon those seeking to avail themselves of its benefit. The petitioner has not proved that the period provided in the statute had expired prior to the mailing of the deficiency notice. , and cases there cited. Furthermore, since the returns were false and fraudulent with intent to evade tax, the deficiencies may be assessed at any time. Section 276(a), Revenue Act of 1934. The respondent added to the petitioner's income as reported on his returns, the amounts of $148,100.26 for 1934 and $12,641.21 for 1935, and determined that the petitioner's income for the taxable years was understated in those amounts. The burden is upon the petitioner to show that this determination is erroneous and that the amounts so received were not taxable income to him. The respondent alleged that the petitioner wilfully, fraudulently and with intent to evade Federal income tax filed false and fraudulent returns *297 for 1934 and 1935, understating his income from business or other sources in the amounts found by the respondent, and that the deficiencies in income taxes of the petitioner determined by the respondent for such years are due to fraud with intent to evade tax. The petitioner denies this. The burden is upon the respondent to prove that the returns were so made and filed. Section 907(a), Revenue Act of 1924, as amended by section 601, Revenue Act of 1928. The only evidence offered by the petitioner was his oral testimony. He testified that in the years 1934 and 1935 his business was that of a racing broker; that he would place bets on horse races with bookmakers, receiving a commission from the bookmaker; that the commission ranged from one per cent to two and one-half per cent; that one Frank Cole placed a number of bets through him and delivered to him various Government bonds to cover some of these bets and that petitioner sold these bonds through the Equitable Trust Company and paid the bookmakers. Petitioner testified further that he kept no books or records in 1934 or 1935, that he kept no record of the bets, that his income tax returns were prepared by an accountant and that *298 petitioner gave the accountant what information he had concerning his income. The petitioner was evasive as to whether he supplied this information from memory or from written notes or records. He said that he did not know Cole's address or business or how much Cole bet with him, or where or how Cole acquired these bonds; and that he did not recall the name of any of the seven or eight bookmakers with whom he placed bets at that time, as he had done business with some one hundred and fifty bookmakers since that time. He said that most of the bookmakers were in Baltimore and that the transactions with them were principally in cash. The respondent introduced evidence which showed that certain bonds were stolen from various banks in different parts of the United States and were sold by the petitioner through the Equitable Trust Company in Baltimore, most of them within a month after the theft, and some within a day or two thereafter. The petitioner sold the first of these bonds on May 11, 1934, and the last on January 5, 1935. The petitioner was arrested after the fact that the bonds were stolen was discovered, but, according to his testimony, he was released and the case dismissed. *299 All of the bonds sold by the petitioner through the Equitable Trust Company were stolen bonds. The respondent's evidence showed the date and place of the theft and from whom the bonds were stolen. In several instances the petitioner cashed the bonds only a day or two after the theft occurred. For example, bonds stolen in Pittsburgh on November 7, 1934, were sold by the petitioner in Baltimore on November 8th. Bonds reported stolen in Akron, Ohio, on November 20, 1934, were sold by the petitioner on November 21, 1934. In , the Court of Appeals for the District of Columbia said: * * * if the person who pays money to another may, by the simple expedient of a faulty memory, leave such payee concealed, the result will be to deprive the government of the means of imposing a tax on the payee. In this aspect, it is not enough for petitioner to say that, as to money admittedly received and chargeable to him as income, he has disbursed the same for the account of his master and in the same breath to say that he cannot remember the amounts, the dates, or the persons to whom he paid it. * * * * * * Petitioner's testimony that he disbursed, *300 for another, sums in excess of $60,000 in a period of two years, without being able to name a single person to whom he gave the money, is, to speak frankly, wholly unbelievable. * * * In , the Circuit Court of Appeals for the Sixth Circuit, in affirming a Memorandum Decision of the Board of Tax Appeals, said there was no reversible error in the statement of the Board that: Here, we have the unsupported, naked statement by petitioner that he had no other income. On the record this is not enough. We are unable to accept the taxpayer's uncorroborated, self-serving statement as overcoming the Commissioner's finding. For obvious reasons we cannot give full credence to such declarations. To meet his burden of proof and overthrow respondent's determination, petitioner should have introduced evidence identifying and explaining the nature of the bank deposits in question. The unconvincing statement that he had received moneys to invest for members of his family is not sufficient. The consequence is that the respondent's determination must be upheld. In the present case the petitioner sold through the Equitable Trust Company bonds *301 which were payable to bearer, and he was the bearer. The proceeds were paid to him by checks made to his order which he endorsed and cashed. By showing the petitioner's possession and disposition of the bonds the respondent has established a prima facie case of ownership of the bonds and their proceeds. See National City Bank of New York, Exec., Estate of James E. O'Neil, deceased, , affirmed . This has not been overcome by the petitioner. He produced no person for whom he acted, no records or disinterested witnesses to show he was not the owner of the proceeds of the bonds, and no checks to show the disposition of these proceeds. He disclosed no agency in his dealings with the Trust Company. We cannot give credence to his uncorroborated, self-serving statement that he was acting for another and that the proceeds did not belong to him. Nor do we find convincing his explanation that in receiving bonds on a dozen or more occasions in a period of eight months and in an amount exceeding $150,000 he dealt with a man whose address and business were entirely unknown to him, or that he placed bets of thousands of dollars with bookmakers, *302 the names of none of whom he could remember, or that he made no record of these transactions. There is also the inconsistency that if he placed bets for Cole in 1934 of approximately the amount of the bonds cashed in that year, his commission of at least one per cent would exceed $1,300, while his tax return shows receipt of only $725.45 as commissions on wagers. The petitioner has not adequately accounted for his possession of the proceeds of the bonds. We are satisfied that the petitioner received from the sale of the bonds income taxable to him which he failed to report. The petitioner has not met the burden of showing error in the respondent's determination that the petitioner's income was understated as to each of the taxable years and that the proceeds of the bonds were income taxable to him. There is a discrepancy between the amounts petitioner is shown to have received from the Equitable Trust Company, $138,318.49 in 1934 and $12,669.96 in 1935, and the amounts by which respondent determined the petitioner's income was understated. However, the computation was not challenged and the petitioner has not met the burden of showing the respondent's determination was erroneous *303 in this respect. Upon consideration of all the evidence we have concluded that the petitioner's returns for 1934 and 1935 were false and fraudulent and made with intent to evade tax. We sustain the respondent's action in taxing this income to the petitioner and in asserting the fifty per cent fraud penalty as to each year. Decision will be entered for the respondent.